**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

McKENZIE WILLIAMS,              :
a/k/a Shabazz K. Yebo,          :
                                :    Civil Action No. 04-4533 (FLW)
          Petitioner,           :
                                :
     v.                         :    **OPINION**
                                :
ROY L. HENDRICKS, et al.,       :
                                :
          Respondents.          :


**APPEARANCES**:

| | |
|---|---|
| Petitioner pro se | Counsel for Respondents |
| McKenzie Williams | Christine M. Olexa |
| New Jersey State Prison | Mercer Co. Prosecutor's Ofc. |
| P.O. Box 861 | 209 South Broad Street |
| Trenton, NJ 08625 | 3rd Floor |
| | Trenton, NJ 08650 |

**WOLFSON**, District Judge

Petitioner McKenzie Williams, a prisoner currently confined at New Jersey State Prison in Trenton, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Roy L. Hendricks, Associate Administrator Michelle R. Ricci, and the Attorney General of New Jersey.

For the reasons stated herein, the parties will be ordered to show cause why the Petition should not be dismissed as time-barred.

I.   BACKGROUND

Following a jury trial in November 1993 in the Superior Court of New Jersey, Law Division, Mercer County, Petitioner was convicted of first degree robbery, theft by receipt of stolen property, and weapons possession.  Petitioner was acquitted of other charges.  On the State's motion, the trial court sentenced Petitioner to an aggregate extended term of 55 years imprisonment with twenty-seven and one-half years of parole ineligibility.

On direct appeal, in an opinion dated November 18, 1996, the Superior Court, Appellate Division, affirmed Petitioner's conviction and sentence.  (Pa19.)  By Order filed February 25, 1997, the Supreme Court of New Jersey denied certification.  State v. Williams, 148 N.J. 463 (1997).  (Pa37.)

Sometime thereafter, Petitioner filed his initial state-court motion for post-conviction relief, which was denied on the merits in a letter opinion and accompanying order dated December 3, 1998.  (Pa38; Pa42.)  On November 16, 2000, the Appellate Division affirmed the denial of relief.  (Pa44; Pa50.)  On April 3, 2001, the Supreme Court of New Jersey denied certification.  State v. Williams, 168 N.J. 290 (2001).

On August 21, 2001, the trial court denied Petitioner's second petition for post-conviction relief on the grounds, inter alia, that it was untimely under state law.  (Pa44; Pa46.)  On September 18, 2003, the Appellate Division affirmed

2

"substantially for the reasons stated by Judge Leahy in his letter opinion dated August 21, 2001." (Pa50.) The record does not reflect whether Petitioner petitioned for certification from the Supreme Court of New Jersey.

This Petition, dated August 30, 2004, followed. Respondents have answered and this matter is now ready for disposition.

## II. ANALYSIS

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-

day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[1] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers,

---

[1] [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

4

204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter,

J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final on May 26, 1997, ninety days after the Supreme Court of New Jersey denied certification.  Thus, he had until May 26, 1998, absent statutory or equitable tolling to file his federal habeas petition.  The record provided by Respondents does not permit this Court to determine when Petitioner filed his two state-court PCR petitions or, as a consequence, to determine the exact dates when the limitations period was statutorily tolled by the first, and only properly-filed, state PCR petition.  The second state PCR petition, however, was denied as untimely on August 21, 2001; thus, the second state PCR petition was not properly filed and did not statutorily toll the limitations period.  Accordingly,

absent equitable tolling, Petitioner had, at most, until April 3, 2002, one year after the Supreme Court of New Jersey denied certification on the first state PCR petition, to file his federal habeas petition.  The Petition fails to allege any facts suggesting a basis for equitable tolling.  This Petition, dated August 30, 2004, thus appears to be untimely.

Accordingly, this Court will order the parties to show cause why the Petition should not be dismissed as untimely.  See Day v. McDonough, 126 S.Ct. 1675 (2006) (district court sua sponte may raise issue of timeliness even where government has conceded timeliness).

### III.  CONCLUSION

For the reasons set forth above, the parties will be ordered to show cause why the Petition should not be dismissed as untimely.  An appropriate order follows.

 s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: September 29, 2006